<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---------------------------------------

|  |  |  |
|---|---|---|
| PASQUALE SURACE, | : | Hon. Jerome B. Simandle |
|  | : |  |
| Petitioner, | : | Civil No. 05-2655 (JBS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| WARDEN JOHN NASH, | : | **OPINION** |
|  | : |  |
| Respondents. | : |  |

---------------------------------------

**APPEARANCES:**

PASQUALE SURACE, #43065-054, Petitioner <u>Pro Se</u>
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, New Jersey  08640

**SIMANDLE,** District Judge

Petitioner Pasquale Surace filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed the Petition, this Court summarily dismisses it for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner challenges an 11-year sentence imposed by Hon. James C. Cacheris in the United States District Court for the Eastern District of Virginia on October 17, 1997, based on his plea of guilty to possession with intent to distribute 10 grams or more of LSD and failure to appear for sentencing.  <u>See</u> <u>United</u>

States v. Surace, Docket No. 96-CR-273, j. conv. (E.D. Va. Oct. 17, 1997).  Petitioner did not file a direct appeal.

Petitioner filed a motion under 28 U.S.C. § 2255 to vacate the sentence, asserting that the guilty plea was involuntary and counsel was ineffective at sentencing and at all critical stages. (Pet. ¶ 12.a.)  Judge Cacheris denied the motion on July 24, 2000.  Petitioner then filed an application to file a successive § 2255 motion, which the United States Court of Appeals for the Fourth Circuit denied on March 16, 2005.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed a Petition under 28 U.S.C. § 2241, accompanied by a memorandum of law, challenging his sentence on two grounds: (1) the guilty plea was involuntary because Petitioner's counsel failed to advise him of the deportation consequences, (2) the waiver of the right to appeal was not voluntary.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4; see also McFarland, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985).

B.  The Merits

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United

_____

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose
(continued...)

3

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

---

[1] (...continued) territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

4

petitioner's detention.[2]   See 28 U.S.C. § 2255.   Specifically,
paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d
536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.
1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971);
Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per
curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681,
684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing
resort to § 2241, "only where the petitioner demonstrates that
some limitation of scope or procedure would prevent a § 2255
proceeding from affording him a full hearing and adjudication of
his wrongful detention claim."   Cradle, 290 F.3d at 538.   If the
sentencing court "could have entertained the prisoner's claim,

---

[2] The "inadequate or ineffective" language was necessary
because the Supreme Court held that "the substitution of a
collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a
suspension of the writ of habeas corpus."   Swain v. Pressley, 430
U.S. 372, 381 (1977).

inquired fully into the facts and granted the very relief the prisoner is seeking," then § 2255 is not inadequate or ineffective.  Lequillou, 212 F.2d at 684.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle, 290 F.3d at 538.

In In re Dorsainvil, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim based on a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[3]  The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.[4]  However, the court held that,

---

[3] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley v. United States, 523 U.S. 614, 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

[4] As amended by the AEDPA, § 2255 prohibits a second or successive § 2255 motion unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, ¶ 8.

(continued...)

in this narrow situation where Dorsainvil had no other
opportunity to raise the claim, § 2255 was inadequate and
ineffective for Dorsainvil's Bailey claim.   The Court held:

> Dorsainvil does not have and, because of the
> circumstances that he was convicted for a
> violation of § 924(c)(1) before the Bailey
> decision, never had an opportunity to
> challenge his conviction as inconsistent with
> the Supreme Court's interpretation of §
> 924(c)(1).  If, as the Supreme Court stated
> in [Davis v. United States, 417 U.S. 333
> (1974)], it is a "complete miscarriage of
> justice" to punish a defendant for an act
> that the law does not make criminal, thereby
> warranting resort to the collateral remedy
> afforded by § 2255, it must follow that it is
> the same "complete miscarriage of justice"
> when the AEDPA amendment to § 2255 makes that
> collateral remedy unavailable.  In that
> unusual circumstance, the remedy afforded by
> § 2255 is "inadequate or ineffective" to test
> the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417
U.S. 333, 346-47 (1974)).

The Court then emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be
> "inadequate or ineffective" so as to enable a
> second petitioner to invoke § 2241 merely
> because that petitioner is unable to meet the
> stringent gatekeeping requirements of the
> amended § 2255.  Such a holding would
> effectively eviscerate Congress's intent in
> amending § 2255.  However, allowing someone
> in Dorsainvil's unusual position - that of a
> prisoner who had no earlier opportunity to
> challenge his conviction for a crime that an
> intervening change in substantive law may

---

[4](...continued)

> negate, even when the government concedes
> that such a change should be applied
> retroactively - is hardly likely to undermine
> the gatekeeping provisions of § 2255.

Dorsainvil at 251.[5]

Turning to the case at bar, it is clear that the grounds Petitioner raises are within the scope of claims cognizable under § 2255.  Therefore, § 2255 prohibits this Court from entertaining Petitioner's claims under § 2241 unless § 2255 is inadequate or ineffective to raise them.

Petitioner presents no reason why he could not have presented his involuntary plea, involuntary waiver of appeal, and ineffective assistance of counsel claims in a motion under § 2255.  See Hill v. Lockhart, 474 U.S. 52 (1985) (where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases under Strickland standard).[6]  Moreover, the fact that the Fourth

---

[5] Several courts of appeals have adopted similar tests. See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

[6] See also Broomes v. Ashcroft, 358 F.3d 1251, 1256-57 (10th Cir. 2004) (because deportation remains a collateral consequence of a criminal conviction, counsel's failure to advise a criminal
(continued...)

Circuit denied Petitioner's  motion to file a successive petition asserting the claims presented here does not render § 2255 inadequate or ineffective.  See In re Cradle, 290 F.3d at 539.

Since Petitioner had an opportunity to present his claims under § 2255, the remedy is not "inadequate or ineffective" and this Court lacks jurisdiction to entertain them under § 2241. See Cradle, 290 F.3d at 538; Lequillou, 212 F.2d at 684.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                         **s/ Jerome B. Simandle**
                         JEROME B. SIMANDLE, U.S.D.J.


Dated:    **May 31**            , **2005**


---

⁶(...continued)
defendant of its possibility does not result in Sixth Amendment violation); U.S. v. Gonzalez, 202 F.3d 20, 25-28 (1st Cir. 2000) (same); U.S. v. DeFreitas, 865 F.2d 80, 82 (4th cir. 1989) (same); United States v. Yearwood, 863 F.2d 6 (4th Cir. 1988) (same); United States v. Santelises, 509 F.2d 703, 704 (2nd Cir. 1975) (per curiam) (same); cf. United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (because potential deportation is a collateral consequence of a guilty plea, sentencing court did not err in Rule 11 colloquy by failing to inform defendant of his possible deportation).